Filing # 54454666 E-Filed 03/30/2017 05:07:03 PM

IN THE CIRCUIT COURT OF THE
SEVENTH JUDICIAL CIRCUIT IN AND FOR ST.
JOHNS COUNTY, FLORIDA

CASE NO.:   CA17-0228

JEFFREY MARCUS GRAY,
        PLAINTIFF
vs.

SERGEANT JAY F. LAWING JR., SERGEANT
JIM PREISTER, DEPUTY DEAN CRESPO,
DEPUTY JANINE JUDGE, and DEPUTY
SAMMY L. WHITFIELD, in their individual
capacities,

        DEFENDANTS.

## PLAINTIFF'S FIRST AMENDED COMPLAINT[1]

COMES NOW, PLAINTIFF JEFFREY MARCUS GRAY ("PLAINTIFF") by and through his

undersigned counsel and sues DEFENDANTS, SERGEANT JAY F. LAWING JR., SERGEANT JIM

PREISTER, DEPUTY DEAN CRESPO, DEPUTY JANINE JUDGE, and DEPUTY SAMMY L.

WHITFIELD, in their individual capacities, and states the following in support of this Complaint:

### NATURE OF THE ACTION

1.     This is a 42 U.S. Code § 1983 federal civil rights case under the First and Fourth

Amendments of the United States Constitution as applied to the States via the United States

Constitution's Fourteenth Amendment for the DEFENDANTS' individual and collective violations of

PLAINTIFF'S constitutional rights to protection against retaliation for PLAINTIFF'S lawful exercise

of free speech and freedom of assembly, and for falsely arresting PLAINTIFF without probable cause

or a warrant for PLAINTIFF'S lawful exercise of symbolic free speech and freedom of assembly.

---

[1] No Defendants have answered Plaintiff's initial Complaint at the time of this filing.

3718-001

2.     DEFENDANTS committed these unlawful violations of PLAINTIFF'S First and Fourth Amendment rights under color of state law, in bad faith, and with malicious purpose in reckless, wanton, and willful disregard of PLAINTIFF'S human, safety, and property rights.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this dispute because this complaint seeks damages in excess of $15,000.00 dollars, exclusive of interest and attorneys' fees.

4.     PLAINTIFF brings this action pursuant 42 U.S.C. § 1983 for DEFENDANTS' violations of PLAINTIFF'S civil rights under the First and Fourth Amendments of the United States Constitution as applied to the States via the United States Constitution's Fourteenth Amendment.

5.     This Court has concurrent subject-matter jurisdiction with our federal courts over federal civil rights cases.[2]

6.     There are no conditions precedent PLAINTIFF must meet before filing this action because § 768.28 Fla. Stat. (2016) is inapplicable to federal civil rights cases even if filed in state court.[3]

7.     Venue is proper in the Seventh Judicial Circuit because DEFENDANTS' individual and collective unlawful violations under color of state law of PLAINTIFF'S constitutional rights occurred in St. Johns County.

8.     DEFENDANTS are amenable to this Court's jurisdiction because their primary employment is within St. Johns County.

---

[2] See *Haywood v. Drown*, 556 U.S. 729, 731 (2009), ( "In our federal system of government, state as well as federal courts have jurisdiction over suits brought pursuant to 42 U.S.C. § 1983, the statute that creates a remedy for violations of federal rights committed by persons acting under color of state law.")

[3] See *Fedler v. Casey*, 487 U.S. 131 (1988). *See also* the Florida Department of Financial Services website. Available at http://www.fldfs.com/Division/Risk/Liability/ClaimsProcess.htm, ("There are no notice of claim requirements or forms for reporting a federal civil rights claim to Risk Management. Claimants can outline their claim in a notice letter or can file a lawsuit with no waiting or investigation period.")

3718-001

9.     PLAINTIFF'S cause-of-action accrued solely within in St. Johns County.

## PARTIES

10.     PLAINTIFF JEFFREY MARCUS GRAY is an adult male and Florida resident residing within this Court's jurisdiction and is sui juris.

11.     DEFENDANT SERGEANT JAY F. LAWING JR. has been at all material times a St. Johns County deputy sheriff.  SERGEANT JAY F. LAWING JR. is the supervisor of the St. Johns County Sheriff's Office's NE School District Youth Resource deputies. DEFENDANT SERGEANT J. LAWING at all times relevant hereto was acting under and continues to act under color of state law.

12.     DEFENDANT SERGEANT JIM PREISTER has been at all material times a St. Johns County deputy sheriff.  DEFENDANT SERGEANT JIM PREISTER at all times relevant hereto was acting under and continues to act under color of state law.

13.     DEFENDANT DEPUTY DEAN CRESPO has been at all material times a St. Johns County deputy sheriff who reports to DEFENDANT SERGEANT JAY F. LAWING JR. as a St. Johns County Sheriff's Office's NE School District Youth Resource Deputy. DEFENDANT DEPUTY DEAN CRESPO at all times relevant hereto was acting under and continues to act under color of state law.

14.     DEFENDANT DEPUTY JANINE JUDGE has been at all material times a St. Johns County deputy sheriff who reports to DEFENDANT SERGEANT JAY F. LAWING JR as a St. Johns County Sheriff's Office's NE School District Youth Resource Deputy.  DEFENDANT DEPUTY JANINE JUDGE at all times relevant hereto was acting under and continues to act under color of state law.

15.     DEFENDANT DEPUTY SAMMY L. WHITFIELD has been at all material times a St. Johns County deputy sheriff who reports to DEFENDANT SERGEANT JAY F. LAWING JR. as a St.

3718-001

Johns County Sheriff's Office NE School District Youth Resource Deputy.  DEFENDANT DEPUTY SAMMY L. WHITFIELD at all times relevant hereto was acting under and continues to act under color of state law.

    16.    All DEFENDANTS were performing discretionary duties in relation to this litigation.

## FACTUAL ALLEGATIONS

    17.    On or around December 7, 2015, former St. Johns County School District Superintendent JOSEPH G. JOYNER (hereinafter "JOYNER") issued PLAINTIFF a trespass warning on St. Johns County School District letterhead.

    18.    That trespass warning misstated Florida law,  and in it, JOYNER asserted PLAINTIFF could not come within 500 feet of any St. Johns County School District schools pursuant to § 810.0975 Fla. Stat. (2002).

    19.    § 810.0975(2)(c) clearly states, "Nothing in this section shall be construed to abridge or infringe upon the right of any person to peaceably assemble and protest."

    20.    PLAINTIFF is a Photography Is Not A Crime's vice president and investigative reporter who covers First Amendment and Public Records issues in Florida.

    21.    PLAINTIFF had been investigating violations of school bus safety equipment checks by St. Johns County School District employees and requesting public records relating to those violations.

    22.    On March 14, 2016 at approximately 12:37 PM, a St. Johns County School District employee notified St. Johns Sheriff Office school deputies that PLAINTIFF was standing on the public sidewalk outside St. Augustine High School.

    23.    PLAINTIFF was peacefully protesting St. Johns District School policies concerning public records requests and was not on St. Johns County School District property.

3718-001

24.     PLAINTIFF was holding a sign stating "THE FIRST AMENDMENT IS NOT A CRIME" and "PUBLIC RECORDS ACCESS IS NOT A CRIME."

25.     PLAINTIFF'S activities were peaceful and unobtrusive.

26.     PLAINTIFF did not block the sidewalk or interfere with any person or school activities.

27.     PLAINTIFF never ventured onto any property owned by St. Johns District Schools or St. Augustine High School on the date of his arrest.

28.     No crowd control or police presence was required.

29.     Public sidewalks are traditional free speech areas for which the State cannot require permits for peaceful First Amendment activity that does not substantially burden the government.

30.     PLAINTIFF'S activities did not require a permit.

31.     The DEFENDANTS could not and cannot engage in viewpoint discrimination in traditional free speech areas such as sidewalks, public parks, and town squares.

32.     All DEFENDANTS who were on the scene wore St. Johns County Sheriff's Office uniforms or polo shirts, carried handcuffs and side-arms, and they drove at least four St. Johns County Sheriff's Office's marked vehicles.

33.     All DEFENDANTS were clearly acting under color of law.

34.     All DEFENDANTS apparently knew PLAINTIFF due to his prior free speech and investigative activities.

35.     DEFENDANTS JUDGE and CRESPO walked outside St. Augustine High School and observed PLAINTIFF peacefully protesting on the public sidewalk.

36.     DEFENDANT JUDGE notified DEFENDANT LAWING JR of PLAINTIFF'S presence within 500 feet of St. Augustine High School.

3718-001

37.    DEFENDANT WHITFIELD was driving past St. Augustine High School stated in his police report that he noticed it was "Jeff Gray" and also states in his report that he believed PLAINTIFF was recording DEFENDANT WHITFIELD as DEFENDANT WHITFIELD drove by.

38.    DEFENDANT LAWING JR drove to St. Augustine High School and recognized PLAINTIFF and states in his "Supplemental Narrative" that DEFENDANT LAWING JR recognized PLAINTIFF and had personal knowledge of the trespass warning that JOYNER had issued to PLAINTIFF.

39.    At least four patrol cars arrived on the scene.

40.    DEFENDANTS LAWING JR, PREISTER, CRESPO, JUDGE, and WHITFIELD approached PLAINTIFF.

41.    DEFENDANT LAWING JR asked PLAINTIFF why PLAINTIFF was on the public sidewalk, and PLAINTIFF stated he was peacefully protesting.

42.    PLAINTIFF informed DEFENDANTS that the statute for which they were arresting him has an exception for peaceful public protest.

43.    DEFENDANT LAWING JR arrested PLAINTIFF and escorted him to DEFENDANT JUDGE's patrol car.

44.    DEFENDANT PREISTER mocked PLAINTIFF and asked him if that exception applied to people with trespass warnings.

45.    PLAINTIFF urged DEFENDANT PREISTER and the other DEFENDANTS present to read the applicable statute.

46.    PLAINTIFF and at least one of the DEFENDANTS who were present recorded PLAINTIFF'S arrest.

3718-001

47.     DEFENDANT JUDGE transported PLAINTIFF to and booked PLAINTIFF into the St. Johns County Jail.

48.     PLAINTIFF spent approximately 24 hours in the St. Johns County Jail with a $500 bond.

49.     On April 25, 2016, Assistant State Attorney Benjamin J Rich for the Office of the State Attorney, Seventh Judicial Circuit of Florida, wrote a memorandum which stated in part,

> [I]n conclusion, there is no evidence that at any point during the March 14, 2016 incident Mr. Gray entered or remained on St. Johns County School Board property after having been warned not to trespass, therefore, § 810.09 (Trespass in structure or conveyance) and § 810.08 (Trespass on property other than structure or conveyance) do not apply as Mr. Gray did not enter onto the premises of St. Augustine High School or any of its structures. Second, at the time of his arrest, Mr. Gray was standing on a public sidewalk within the school safety zone holding a sign in protest. There is no evidence or testimony that could lead a person to a reasonable belief that Mr. Gray was preparing to commit a crime or was engaged in harassing students, and therefore, § 810.0975(c)1 does not apply.

50.     The State Attorney's Office for the Seventh Judicial Circuit declined to prosecute PLAINTIFF.

51.     St. Johns Sheriff Office DEFENDANTS did not have probable cause to arrest PLAINTIFF.

52.     No reasonable law enforcement officer, having read the germane Florida Statutes, would have arrested PLAINTIFF.

53.     All DEFENDANTS were on actual notice that charging the PLAINTIFF with trespass for PLAINTIFF'S First Amendment free speech activity was not authorized by Florida Statutes.

54.     DEFENDANTS did not have a warrant to arrest PLAINTIFF.

55.     Not even arguable probable cause existed for Defendants to arrest PLAINTIFF.

3718-001

56.    DEFENDANTS seized PLAINTIFF'S video and audio recording equipment without probable cause or a warrant.

57.    DEFENDANTS would have known PLAINTIFF'S activities were protected free speech had they only read the statute as PLAINTIFF requested they do.

58.    DEFENDANTS have a duty to know the laws they enforce.

59.    DEFENDANTS have a duty to conduct a reasonable investigation before using their powers of arrest.

60.    DEFENDANTS have caused PLAINTIFF to suffer general damages including, but not limited to social embarrassment, pain and suffering, incarceration, deprivation of liberty and property interests, and fear of future arrests for exercising his First Amendment rights under the United States Constitution.

61.    DEFENDANTS have caused PLAINTIFF to suffer special damages due to posting bond to get out of jail.

**COUNT I: 42 U.S.C. § 1983 FIRST AND FOURTH AMENDMENT CLAIMS AGAINST DEFENDANT SERGEANT JAY F. LAWING JR. IN HIS INDIVIDUAL CAPACITY FOR RETALIATION AGAINST PLAINTIFF FOR LAWFUL EXERCISE OF FREE SPEECH AND FREEDOM OF ASSEMBLY AND FOR FALSELY ARRESTING PLAINTIFF**

62.    PLAINTIFF re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

63.    DEFENDANT SERGEANT JAY F. LAWING JR., in his individual capacity, unlawfully retaliated against PLAINTIFF for PLAINTIFF'S lawful exercise of his First Amendment freedom of assembly and free speech rights.

64.    DEFENDANT SERGEANT JAY F. LAWING JR., under color of state law, unlawfully retaliated against PLAINTIFF'S lawful exercise to peaceful assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our

3718-001

Constitution's Fourteenth Amendment by arresting PLAINTIFF, or alternatively, ordering PLAINTIFF'S based upon the aforementioned illegal trespass warning.

65.     DEFENDANT SERGEANT JAY F. LAWING JR. was under actual notice that PLAINTIFF could peacefully assemble and exercise PLAINTIFF'S rights to peacefully assemble and free speech under § 810.0975 Fla. Stat. (2002).

66.     DEFENDANT SERGEANT JAY F. LAWING JR., in his individual capacity and under color of state law, intentionally violated PLAINTIFF'S rights to peaceful assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment.

67.     DEFENDANT SERGEANT JAY F. LAWING JR., in his individual capacity and under color of state law, falsely arrested PLAINTIFF without probable cause or a warrant in retaliation for PLAINTIFF'S lawful exercise of his rights to peaceful assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment.

68.     DEFENDANT SERGEANT JAY F. LAWING JR.'s actions would cause a person of ordinary firmness to fear retaliation for peaceful assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment.

69.     DEFENDANT SERGEANT JAY F. LAWING JR., in his individual capacity, and under color of state law, was the proximate cause of PLAINTIFF'S injuries.

70.     DEFENDANT SERGEANT JAY F. LAWING JR., in his individual capacity, used his agency's powers under color of state law to retaliate against PLAINTIFF for lawful exercise of his freedom of assembly and free speech rights.

·3718-001

71.     PLAINTIFF seeks general and special compensatory damages as well as punitive damages against DEFENDANT SERGEANT JAY F. LAWING JR., in his individual capacity.

72.     These deprivations under color of state law are actionable under and may be redressed by 42 U.S.C. §1983.

**COUNT II: 42 U.S.C. § 1983 FIRST AND FOURTH AMENDMENT CLAIMS AGAINST SERGEANT JIM PREISTER IN HIS INDIVIDUAL CAPACITY FOR RETAILIATION AGAINST PLAINTIFF FOR LAWFUL EXERCISE OF FREE SPEECH AND FREEDOM OF ASSEMBLY AND FOR FALSELY ARRESTING PLAINTIFF**

73.     PLAINTIFF re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

74.     DEFENDANT SERGEANT JIM PREISTER, in his individual capacity, unlawfully retaliated against PLAINTIFF for PLAINTIFF'S lawful exercise lawful exercise of his First Amendment freedom of assembly and free speech rights.

75.     DEFENDANT SERGEANT JIM PREISTER, under color of state law, unlawfully retaliated against PLAINTIFF'S lawful exercise to peaceful assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment by having St. Johns County Sheriff's Office DEFENDANTS arrest PLAINTIFF based upon the aforementioned illegal trespass warning.

76.     DEFENDANT SERGEANT JIM PREISTER, was under actual notice that PLAINTIFF could peacefully assemble and exercise PLAINTIFF'S rights to peacefully assemble and free speech under § 810.0975 Fla. Stat. (2002).

77.     DEFENDANT SERGEANT JIM PREISTER, in his individual capacity and under color of state law, intentionally violated PLAINTIFF'S rights to freedom of assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment.

3718-001

78.    DEFENDANT SERGEANT JIM PREISTER, in his individual capacity, under color of state law, falsely arrested PLAINTIFF without probable cause or a warrant in retaliation for PLAINTIFF'S lawful exercise of his rights to peaceful assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment.

79.    DEFENDANT SERGEANT JIM PREISTER's actions would cause a person of ordinary firmness to fear retaliation for peaceful assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment.

80.    DEFENDANT SERGEANT JIM PREISTER, in his individual capacity, and under color of state law, was the proximate cause of PLAINTIFF'S injuries.

81.    DEFENDANT SERGEANT JIM PREISTER, in his individual capacity, used his agency's powers under color of state law to retaliate against PLAINTIFF for lawful exercise of his freedom of assembly and free speech rights.

82.    PLAINTIFF seeks general and special compensatory damages as well as punitive damages against DEFENDANT SERGEANT JIM PREISTER, in his individual capacity.

83.    These deprivations of PLAIFTIFF'S constitutional rights under color of state law are actionable under and may be redressed by 42 U.S.C. §1983.

**COUNT III: 42 U.S.C. § 1983 FIRST AND FOURTH AMENDMENT CLAIMS AGAINST DEPUTY DEAN CRESPO IN HIS INDIVIDUAL CAPACITY FOR RETAILIATION AGAINST PLAINTIFF FOR LAWFUL EXERCISE OF FREE SPEECH AND FREEDOM OF ASSEMBLY AND FOR FALSELY ARRESTING PLAINTIFF**

84.    PLAINTIFF re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

3718-001

85.     DEFENDANT DEPUTY DEAN CRESPO, in his individual capacity, unlawfully retaliated against PLAINTIFF for PLAINTIFF'S lawful exercise lawful exercise of his First Amendment freedom of assembly and free speech rights.

86.     DEFENDANT DEPUTY DEAN CRESPO, under color of state law, unlawfully retaliated against PLAINTIFF'S lawful exercise of his to freedom of assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment by having St. Johns County Sheriff's Office DEFENDANTS arrest PLAINTIFF based upon the aforementioned illegal trespass warning.

87.     DEFENDANT DEPUTY DEAN CRESPO, was under actual notice that PLAINTIFF could peacefully assemble and exercise PLAINTIFF'S rights to peacefully assemble and free speech under § 810.0975 Fla. Stat. (2002).

88.     DEFENDANT DEPUTY DEAN CRESPO, in his individual capacity and under color of state law, intentionally violated PLAINTIFF'S rights to freedom of assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment.

89.     DEFENDANT DEPUTY DEAN CRESPO, in his individual capacity, under color of state law, falsely arrested PLAINTIFF without probable cause or a warrant in retaliation for PLAINTIFF'S lawful exercise of his rights to peaceful assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment.

90.     DEFENDANT DEPUTY DEAN CRESPO'S actions would cause a person of ordinary firmness to fear retaliation for peaceful assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment.

3718-001

91.     DEFENDANT DEPUTY DEAN CRESPO, in his individual capacity, and under color of state law, was the proximate cause of PLAINTIFF'S injuries.

92.     DEFENDANT DEPUTY DEAN CRESPO, in his individual capacity, used his agency's powers under state law to retaliate against PLAINTIFF for lawful exercise of his freedom of assembly and free speech rights.

93.     PLAINTIFF seeks general and special compensatory damages as well as punitive damages against DEFENDANT DEPUTY DEAN CRESPO, in his individual capacity.

94.     These deprivations of PLAINTIFF'S constitutional rights under color of state law are actionable under and may be redressed by 42 U.S.C. §1983.

**COUNT IV: 42 U.S.C. § 1983 FIRST AND FOURTH AMENDMENT CLAIMS AGAINST DEPUTY JANINE JUDGE IN HER INDIVIDUAL CAPACITY FOR RETALIATION AGAINST PLAINTIFF FOR LAWFUL EXERCISE OF FREE SPEECH AND FREEDOM OF ASSEMBLY AND FOR FALSELY ARRESTING PLAINTIFF**

95.     PLAINTIFF re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

96.     DEFENDANT DEPUTY JANINE JUDGE, in her individual capacity, unlawfully retaliated against PLAINTIFF for PLAINTIFF'S lawful exercise of his First Amendment freedom of assembly and free speech rights.

97.     DEFENDANT DEPUTY JANINE JUDGE, under color of state law, unlawfully retaliated against PLAINTIFF'S lawful exercise to peaceful assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment by having St. Johns County Sheriff's Office DEFENDANTS arrest PLAINTIFF based upon the aforementioned illegal trespass warning.

3718-001

98.    DEFENDANT DEPUTY JANINE JUDGE was under actual notice that PLAINTIFF could peacefully assemble and exercise PLAINTIFF'S rights to freedom of assembly and free speech under § 810.0975 Fla. Stat. (2002).

99.    DEFENDANT DEPUTY JANINE JUDGE, in her individual capacity and under color of state law, intentionally violated PLAINTIFF'S rights to freedom of assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment.

100.    DEFENDANT DEPUTY JANINE JUDGE, in her individual capacity, under color of state law, falsely arrested PLAINTIFF without probable cause or a warrant in retaliation for PLAINTIFF'S lawful exercise of his rights to peaceful assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment.

101.    DEFENDANT DEPUTY JANINE JUDGE's actions would cause a person of ordinary firmness to fear retaliation for peaceful assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment.

102.    DEFENDANT DEPUTY JANINE JUDGE, in her individual capacity, and under color of state law, was the proximate cause of PLAINTIFF'S injuries.

103.    DEFENDANT DEPUTY JANINE JUDGE, in her individual capacity, used her agency's powers under state law to retaliate against PLAINTIFF for lawful exercise of his freedom of assembly and free speech rights.

104.    PLAINTIFF seeks general and special compensatory damages as well as punitive damages against DEFENDANT DEPUTY JANINE JUDGE, in her individual capacity.

3718-001

105.   These deprivations of PLAINTIFF'S constitutional rights under color of state law are actionable under and may be redressed by 42 U.S.C. §1983.

**COUNT V: 42 U.S.C. § 1983 FIRST AND FOURTH AMENDMENT CLAIMS AGAINST DEPUTY SAMMY L. WHITFIELD IN HIS INDIVIDUAL CAPACITY FOR RETAILIATION AGAINST PLAINTIFF FOR LAWFUL EXERCISE OF FREE SPEECH AND FREEDOM OF ASSEMBLY AND FOR FALSELY ARRESTING PLAINTIFF**

106.   PLAINTIFF re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

107.   DEFENDANT DEPUTY SAMMY L. WHITFIELD, in his individual capacity, unlawfully retaliated against PLAINTIFF for PLAINTIFF'S lawful exercise lawful exercise of his First Amendment freedom of assembly and free speech rights. .

108.   DEFENDANT DEPUTY SAMMY L. WHITFIELD, under color of state law, unlawfully rotaliated against PLAINTIFF'S lawful exercise to peaceful assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment by having St. Johns County Sheriff's Office DEFENDANTS arrest PLAINTIFF based upon the aforementioned illegal trespass warning.

109.   DEFENDANT DEPUTY SAMMY L. WHITFIELD, was under actual notice that PLAINTIFF could peacefully assemble and exercise PLAINTIFF'S rights to peacefully assemble and free speech under § 810.0975(3) Fla. Stat. (2002).

110.   DEFENDANT DEPUTY SAMMY L. WHITFIELD, in his individual capacity and under color of state law, intentionally violated PLAINTIFF'S rights to peaceful assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment.

111.   DEFENDANT DEPUTY SAMMY L. WHITFIELD, in his individual capacity, under color of state law, falsely arrested PLAINTIFF without probable cause or a warrant in retaliation for

3718-001

PLAINTIFF'S lawful exercise of his rights to peaceful assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment.

112. DEFENDANT DEPUTY SAMMY L. WHITFIELD'S actions would cause a person of ordinary firmness to fear retaliation for peaceful assembly and free speech under the First Amendment of the United States Constitution as applied to the states through our Constitution's Fourteenth Amendment.

113. DEFENDANT DEPUTY SAMMY L. WHITFIELD, in his individual capacity, and under color of state law, was the proximate cause of PLAINTIFF'S injuries.

114. DEFENDANT DEPUTY SAMMY L. WHITFIELD, in his individual capacity, used his agency's powers under state law to retaliate against PLAINTIFF for lawful exercise of his freedom of assembly and free speech rights.

115. PLAINTIFF seeks general and special compensatory damages as well as punitive damages against DEFENDANT DEPUTY SAMMY L. WHITFIELD, in his individual capacity.

116. These deprivations of PLAINTIFF'S constitutional rights under color of state law are actionable under and may be redressed by 42 U.S.C. §1983.

3718-001

## RELIEF REQUESTED

**WHEREFORE, PLAINTIFF** respectfully requests the following relief:

A.    PLAINTIFF re-alleges and incorporates by reference all of the preceding paragraphs in this complaint,

B.    Trial by jury on all issues so triable;

C.    General and special compensatory damages against all DEFENDANTS;

D.    Punitive damages against all DEFENDANTS;

E.    Award to PLAINTIFF of reasonable attorneys' fees incurred in connection with this action pursuant to 42 U.S.C. §1988 from all DEFENDANTS;

F.    Pretrial interest on compensable attorney's fees; and,

G.    PLAINTIFF humbly requests this Honorable Court preserve PLAINTIFF'S right to amend his Complaint if discovery shows there are additional DEFENDANTS or other causes of action against DEFENDANTS; and further, different relief as is just and proper or that is necessary to make the PLAINTIFF whole and prevent further such First Amendment violations by all DEFENDANTS.

3718-001

ANTHONY-SMITH LAW, P.A.
5401 S. Kirkman Road
Suite 610
Orlando, FL 32819
407.299.8589 - Office
407.299.8549 - Fax


/s/Christopher R. Dillingham II, Esquire
Christopher R. Dillingham II, Esquire
Florida Bar No: 98382
Primary Email Address: cdillingham@anthony-smithlaw.com
Secondary Email Address:dreina@anthony-smithlaw.com
Tertiary Email Address: services@anthony-smithlaw.com