U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JEFFERY MARCUS GRAY**,

    Plaintiff,

Case no. 3:17-CV-548-J-39MCR

v.

**SERGEANT JAY F. LAWING JR.,**
et al.,

    Defendants.

_____/

## MOTION FOR JUDGMENT ON THE PLEADINGS

    Defendants Lawing, Whitfield and Judge move for judgment on the pleadings as to count 4 of the second amended complaint pursuant to Fed.R.Civ.P 12(c).

    The plaintiff alleges that he was unlawfully arrested for standing outside a public school holding a sign even though he had been given trespass warnings not to come within 500 feet of any public school in St. Johns County. See s. 810.0975, Fla.Stat. He sues four St. Johns County deputies for that arrest, contending that while acting under color of state law[1] and within the course and scope of their employment[2] the defendants conspired to violate his constitutional rights. Count 4 is the conspiracy count. The plaintiff broadly alleges a civil conspiracy. He makes the conclusory assertion, for instance that the defendants conspired to arrest him and to retaliate for the supposed exercise of his First Amendment and due process rights. DE 8 gr. 60, 66, 69. He does not allege any agreement, which is a prerequisite for making a conspiracy claim. Instead, he alleges that the defendants "communicated with one another" before the arrest. DE 8 gr. 63. He then admits that he doesn't know whether there was an agreement because he says "the exact nature of the aforementioned communication is not yet known." DE 8 gr. 64. The plaintiff believes, but doesn't know, that the defendants "trade information about Plaintiff and

---

[1] DE 8 at gr. 12, 15-17.

[2] DE 8 at 18.

Plaintiff's First Amendment activities." DE 8 gr. 67.

He did not say whether the count is brought pursuant to 42 U.S.C. s. 1983, 1985 or 1986. We presume the claim is brought pursuant to s. 1983 since the plaintiff alleges that the statute as the basis for all his claims. DE 8 at gr. 1.

Standard of review:

> The standard of review for a motion for judgment on the pleadings is identical to that used to decide motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Mergens v. Dreyfoos, 166 F.3d 1114 (11th Cir. 1999); Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367 (11th Cir. 1998). Accordingly, in ruling on the motion, "[a]ll facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party." Scott v. Taylor, 405 F.3d 1251, 1253 (11th Cir. 2005) (citing Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001))..

*White v. State Nat'l Ins. Co.*, 2013 WL 12156318, at *1 (M.D. Fla. Apr. 12, 2013).

The conspiracy claim is barred by the intracorporate conspiracy doctrine. That doctrine bars conspiracy claims when the actors are agents of a single entity and are alleged to have conspired 1) among themselves or 2) with the entity. *Dickerson v. Alachua County Com'n*, 200 F.3d 761, 767–68 (11th Cir. 2000). "[U]nder the intracorporate conspiracy doctrine, a corporation's employees cannot conspire among themselves when acting in the scope of their employment." *Dimanche v. Brown,* 2016 WL 5867057, at *11 (N.D. Fla. Sept. 6, 2016), report and recommendation adopted, 2016 WL 5868083 (N.D. Fla. Oct. 6, 2016).

The doctrine applies in actions against public entities and public employees. *Dickerson,* supra; *Magwood v. Beem*, 42015 WL 796242, at *6 (N.D. Fla. Feb. 25, 2015), appeal dismissed (May 14, 2015) (defendants were employees of the Florida Department of Corrections); *Thompson v. Sikes*, 2017 WL 743116, at *5 (N.D. Fla. Jan. 25, 2017), report and recommendation adopted, 2017 WL 740799 (N.D. Fla. Feb. 23, 2017).

It also applies in actions brought pursuant to s. 1983. *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010).

Here, the plaintiff admits that the defendants acted within the scope of their employment.

Therefore, because the second amended complaint alleges only a conspiracy among sheriff's deputies of the same office, the intracorporate conspiracy doctrine bars the claim.

Respectfully submitted,

*/s Jason Vail*

JASON VAIL
Fla. Bar No. 298824
**JOLLY, PETERSON & TRUCKENBROD, P.A.**
Post Office Box 37400
Tallahassee, Florida 32315
Tel:   (850) 422-0282
Fax:   (850) 422-1913
ejv@jollylaw.com

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing has been sent via United States Mail, email and/or by CM/ECF System delivery to Christopher R. Dillingham, II, Anthony-Smith Law, P.A., 5401 S. Kirkman Road, Suite 610, Orlando, FL 32819 on, on June 21, 2017.

/s Jason Vail
**JASON VAIL**