UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:17-cv-548-J-39MCR

JEFFREY MARCUS GRAY,

    Plaintiff,

vs.

SERGEANT JAY F. LAWING JR.,
SERGEANT JIM PRIESTER,
DEPUTY JANINE JUDGE, and
DEPUTY SAMMY L. WHITFIELD,
in their individual capacities,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' RULE 12 (c) MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW, the Plaintiff, JEFFREY MARCUS GRAY, and files this Response in Opposition to Defendants' Rule 12 (c) Motion for Judgment on the pleadings regarding Plaintiff's Conspiracy Count in accordance with the Middle District of Florida's Local Rule 3.01(b), and in good support, states the following:

**Standard of Review**

Plaintiff largely adopts and concurs with Defendants' statement of the standard of review for Rule 12 (c) motions for judgment on the pleadings.

> [T]he standard of review for a motion for judgment on the pleadings is identical to that used to decide motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Mergens v. Dreyfoos*, 166 F.3d 1114 (11th Cir. 1999); *Hawthorne v.*

>> *Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Cir. 1998). Accordingly, in ruling on the motion, "[a]ll facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005) (citing *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)).

*White v. State Nat'l Ins. Co.*, 2013 WL 12156318, at *1 (M.D. Fla. Apr. 12, 2013).

However, Defendants' erred when not advising the Court complaints must read in their entirety. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). *See also Magluta v. Samples*, 375 F.3d 1269, 1274 (11th Cir. 2004) ("Having reviewed the Original Complaint in its entirety and construing it in a light most favorable to Magluta, we conclude that the district court failed to take account of reasonable inferences favorable to Magluta in the Original Complaint and in the Complaint"). This additional facet of the standard of review is favorable to the Plaintiff when Plaintiff's Second Amended Complaint is read as a whole as justice requires and not analyzed piecemeal.

I. **Memorandum of Law**

    A. **Plaintiff Has Met the Required Pleading Standard to Show He is Entitled to Conduct Discovery**

Generally, under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a 12(b)(6) motion to dismiss or 12 (c) motion for judgment on the pleadings, the complaint "does not need detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff need only supply

plausible grounds to infer an agreement at the pleading stage. That plausibility standard only requires the Plaintiff assert enough facts to raise a reasonable expectation that discovery will reveal evidence of an illegal agreement, and a well-pleaded complaint may proceed even if it appears that recovery is "very remote and unlikely." *Id* at 556 *(citing Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). Plaintiffs need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

**Conspiracy Factors**

    **The Agreement**

The Defendants have either misconstrued or misread the Plaintiff's Complaint. The Defendants' motion for judgment on the pleadings asserts the Plaintiff does not allege an "agreement," yet the Plaintiff's complaint explicitly states the Defendants conspired together and reached an "agreement" to violate the Plaintiff's Due Process rights (Doc. 8, p. 1, ¶ 5), communicated with one another prior to making contact with the Plaintiff (Doc. 8, p.14, ¶ 63), and arrested the Plaintiff within seconds of their contemporaneous arrival (Doc. 8, pg. 14, ¶ 65), all of which give rise to plausible inference of the Defendants' prior agreement to arrest Plaintiff. The Plaintiff also clearly alleged the Defendants conspired and reached an "understanding" with one another to falsely arrest Plaintiff. Doc. 8, p. 20, ¶¶ 107-108. While the Defendants seem to take issue with the term "understanding," even the Defendants' own case citation holds a plaintiff claiming a § 1983 conspiracy must prove the defendants "**reached an understanding**" to violate the plaintiff's constitutional rights. *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010) (emphasis supplied).

3

Read as a whole, the Plaintiff's complaint clearly alleges the Defendants reached an agreement and understanding to arrest the Plaintiff, and the Defendants' actions indicate they knew nothing about the statute for which they arrested the Plaintiff, and even after the Plaintiff pointed out the statute had a clear exception for peaceable assembly and protest, the Defendants arrested the Plaintiff anyway. Doc 8, p. 10, ¶ 43. It is also telling that at least three of the individual conspirators recognized the Plaintiff and knew him by name. Doc. 8, pp. 8-9 ¶¶ 31, 32, 36.[1] The only plausible inference is the Defendants communicated between themselves and possibly others in some fashion about the Plaintiff prior to the events preceding their coordinated arrest of the Plaintiff. The circumstances of the arrest point to a plausible inference the Defendants reached an agreement and planned to arrest the Plaintiff long before the Plaintiff began protesting on the public sidewalk outside St. Augustine High School. While Plaintiff does not know the contours of the conspiracy or about the Defendants' specific communications, that's because conspirators conspire outside their intended victim's notice.

The Defendants' arguments that the Plaintiff failed to alleged an agreement to violate the Plaintiff's rights is clearly erroneous, and the Plaintiff respectfully requests this Honorable Court find the Plaintiff has sufficiently alleged the Defendants reached both an agreement and an understanding when they conspired together and possibly with

---

[1] Plaintiff draws the Court's attention to the fact that the four conspirators responded almost simultaneously to the scene to arrest the Plaintiff, yet there are no allegations the Plaintiff was disturbing the peace or a threat. This fact alone is indicative of unusual prior law enforcement collaboration, and it is suggestive of malice, especially since the Defendants arrested the Plaintiff so swiftly without the slightest veneer of a competent investigation.

others, in order to deprive the Plaintiff of his constitutional rights by falsely arresting him.

**The Intracorporate Conspiracy Doctrine**

In order to prevail on the conspiracy count, the Plaintiff must prove: (a) an agreement between two or more parties, (b) to do an unlawful act or to do an unlawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy. *Regions Bank v. Kaplan*, No. 8:12-CV-1837-T-17MAP, at *11-12 (M.D. Fla. Apr. 19, 2016).

Yet the Plaintiff need not prove those elements at the pleading stage.

Contrary to the Defendants' assertions, the elements a plaintiff must prove to ultimately prevail are not what the Plaintiff must assert to survive a 12 (c) motion for judgment on the pleadings. While the Plaintiff concurs about the ultimate facts a plaintiff must prove to prevail on a conspiracy count, a conspiracy is not something easily dragged into the light of day. A conspiracy is by its very nature secretive and not easily exposed outside of the discovery process. The Plaintiff's candid statement that he does not know the details of the conversations the Defendants had when planning to violate the Plaintiff's constitutional rights is not an admission of weakness; rather, it reflects the realities of conspiracy allegations and why discovery is so important to proving conspiracies exist. The Plaintiff also agrees that police officers of the same organization are entitled to qualified immunity on a conspiracy even if sued in their individual capacities if they did not conspire with outside individuals or organizations. Under the intracorporate conspiracy doctrine, a corporation's employees cannot conspire among

themselves when acting in the scope of their employment, as their actions are attributed to the corporation itself, "thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *Detris v. Coats*, 523 F. App'x 612, 615 (11th Cir. 2013) (citing *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010)). The doctrine likewise applies to public entities such as a city and its employees. *Denney v. City of Albany*, 247 F.3d 1172, 1190-91 (11th Cir. 2001).

That, though, is where Plaintiff's agreement with the Defendants ends.

The Plaintiff has clearly alleged that the Defendants may have conspired with others to deprive him of his constitutional rights (Doc. 8, p. 13, ¶ 59) ("Plaintiff, upon information and belief, asserts Defendants conspired with one another and possibly others to target Plaintiff for arrest if Plaintiff entered a St. Johns County School District School Safety Zone after JOYNER issued the aforementioned trespass warnings to Plaintiff). Plaintiff has also provided evidence of communication between the St. Johns County School District and the St. Johns County Sheriff's Office. Former St. Johns County School District Superintendent Joyner mailed copies of his trespass warning to the St. Johns County Sheriff's Office, and every principle in the St. Johns County School District likewise issued the Plaintiff a trespass warning. Doc 8, pp. 5-6, ¶¶ 19, 22, and 23. Plaintiff also supplied evidence that a St. Johns School District employee notified Defendant Judge of the Plaintiff's presence on the public sidewalk outside of St. Augustine High School. Doc. 8. P. 8, ¶ 30. Even St. Augustine High Scool Dean Crespo accompanied Defendant Judge outside to witness the Plaintiff's presence. Doc. 8, p. 9, ¶

34.² Plaintiff has also alleged the St. Johns County Sheriff's Office deputies trade information about the Plaintiff's First Amendment activities. Doc. 8, 14, ¶ 67.

While the Plaintiff has only circumstantial evidence at this point that a conspiracy between the Defendants and others exists, a conspiracy may ultimately be proven by circumstantial evidence alone. *Williams v. Michelin N. Am., Inc.*, No. 6:04-cv-815-Orl-31DAB, 2005 U.S. Dist. LEXIS 24427, at *7 (M.D. Fla. Oct. 21, 2005) (citing *Dozier & Gay Paint Co., Inc. v. Dilley,* 518 So. 2d 946, 948 (Fla. 1st DCA 1988)). Plaintiff reasonably believes discovery tools may reveal letters, emails, cellular phone text messages, and other communications between not only the Defendants, but also between the Defendants and other parties who are not St. Johns County deputies. What other communication there was (and possibly continues) between the Defendants and third-parties, such as other law enforcement agencies, remains yet to be seen, and that evidence cannot be easily or inexpensively obtained without discovery. Plaintiff is already aware that St. Johns County deputies also use the DAVID system to gather and trade intelligence on the Plaintiff. Doc 8, p. 14, ¶ 67. Plaintiff's factual allegations and circumstantial evidence about this conspiracy rise above the speculative level the Plaintiff is required to plead. *Twombly*, 550 U.S. 544 at 127.

### B. Defendants' Motion is Unripe

Read as a whole and with all reasonable inferences afforded to it, the Plaintiff's complaint clearly alleges enough facts to raise a plausible expectation that discovery will

---

² While the Dean's presence may be an example of mere curiosity, one must wonder if the Defendants thought the Plaintiff was so dangerous that it required four deputies to arrest the Plaintiff, then why did the Defendants allow a presumably unarmed civilian to remain in the area?

reveal admissible evidence of an illicit agreement between the Defendants and other persons outside the St. Johns County Sheriff's Office. *Tellabs, Inc.*, 551 U.S. at 322.

The Plaintiff also notes with interest that each of the decisions in the cases the Defendants cite as favorable to their defense occurred at the summary judgment level, not at the motion to dismiss stage.

The Plaintiff respectfully submits to this Honorable Court that the Defendants' motion for judgment on the pleadings is unripe and must fail as a matter of law due to sufficiency of the Plaintiff's complaint. The circumstantial evidence the Plaintiff has alleged has created a plausible expectation that discovery will lead to admissible evidence of a conspiracy between the Defendants and others outside of the St. Johns County Sheriff's Office. If the Plaintiff can uncover admissible evidence through the use of discovery tools showing an illicit agreement between the Defendants and parties outside the St' Johns County Sheriff's Office, then Plaintiff conspiracy count would become a factual issue for a jury to decide, assuming this Honorable Court agrees with the Plaintiff.

Wherefore, Plaintiff, JEFFREY MARCUS GRAY, for the above cited reasons and aforementioned case law, humbly requests this Honorable Court deny the Defendants' motion for judgment on the pleadings.

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will electronically serve all interested parties.

                                               /s/     *Christopher R. Dillingham II*
                                               **Christopher R. Dillingham II, Esquire**
                                               **PLAINTIFF'S TRIAL COUNSEL**
                                               Florida Bar No: 98382
                                               Anthony-Smith Law, P.A.
                                               5401 S. Kirkman Road, Ste. 610
                                               Orlando, Florida 32819
                                               Phone: 407-299-8589
                                               Facsimile: 407/299-8549
                                               Primary e-mail: cdillingham@anthony-smithlaw.com
                                               Secondary e-mail: jmaroney@anthonysmithlaw.com
                                               Tertiary e-mail: services@anthony-smithlaw.com